# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND<br>SURVEILLANCE ACCOUNTABILITY, INC.<br>1101 Connecticut Avenue NW, Suite 450<br>Washington, DC 20036<br><br>     *Plaintiff,*<br><br>  v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>     *Defendant*. | **COMPLAINT**<br><br>Civil Action No.: 23-861 |

## INTRODUCTION

1. This Freedom of Information Act (FOIA) suit seeks records from Defendant United States Department of Justice (DOJ) and its component the Federal Bureau of Investigation (FBI). *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer questions of national significance regarding the secretive proceedings of the U.S. Foreign Intelligence Surveillance Court (FISC) and the U.S. Foreign Intelligence Surveillance Court of Review (FISCR), and employee access to such proceedings—questions that have taken on particular prominence in light of recent concerns about surveillance overreach.

2. To answer these pressing questions more fully, Plaintiff Project for Privacy and Surveillance Accountability, Inc. (PPSA) submitted a FOIA request to the FBI on or about June 28, 2022.

3. Defendant responded to the first two subparts of PPSA's request by refusing to conduct any search, and to the second two subparts by producing only a single, heavily redacted

document, and abruptly terminating the search for any additional responsive records.

4. After PPSA submitted administrative appeals of those unlawful responses, DOJ's Office of Information Policy (OIP) affirmed Defendant's decision not to search for records responsive to the first two subparts of PPSA's request. PPSA's second administrative appeal, challenging Defendant's decision to terminate its search before locating all responsive records, has been pending since November 28, 2022.

5. Accordingly, PPSA has exhausted its administrative remedies and brings suit to compel a full, good-faith response to the entire request.

## JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

7. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

8. Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional and statutory limitations.

9. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and has possession, custody, and control of the records Plaintiff seeks. Additionally, the FBI is a DOJ component and has possession, custody, and control of records Plaintiff seeks.

## FACTS

10. FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

11. On June 28, 2022, PPSA submitted a FOIA request to the FBI seeking the following records:

    1. All decisions, orders, or opinions issued by FISC or FISCR since October 1, 1978.

    2. To the extent not responsive to Item 1 above, all agency records listing or otherwise compiling information about any decisions, orders, or opinions issued by FISC or FISCR since October 1, 1978.

    3. All agency records including but not limited to reports, rules, regulations, memoranda, policies, communications, or training materials mentioning the level of security clearance necessary to view or otherwise access decisions, orders, or opinions issued by FISC or FISCR.

    4. All agency records including but not limited to reports, rules, regulations, memoranda, policies, communications, or training materials listing or otherwise compiling information about the job titles and number of individuals authorized to view or otherwise access decisions, orders, or opinions issued by FISC or FISCR.

12. A true and accurate copy of this request is attached at Exhibit 1 at 8–9.

13. Defendant, by way of the FBI, responded to this request with separate responses, first responding to subparts 1 and 2 of the request, and then separately responding to subparts 3 and 4.

**I.  Defendant Refuses to Search for Records Responsive to Subparts 1 and 2 of the Request.**

14.  In two separate letters, both dated August 18, 2022, the FBI refused to search for responsive records. The first letter, addressing subpart 1 (Ex. 1 at 11), and the second letter, addressing subpart 2 (Ex. 1 at 13), used nearly identical language. In those letters, the FBI refused to conduct *any search whatsoever* because "the above referenced subject is not searchable in our indices. The FBI Central Records System (CRS) . . . is not arranged in a manner that allows for the retrieval of information in the form you have requested." *Id.* at 11, 13. Accordingly, the FBI "administratively closed" these portions of PPSA's request. *Id.*

15.  In those responses, the FBI also incorrectly stated that the request was improper because it would require the FBI to "draw conclusions concerning queried data." *Id.* But the request merely sought easily identifiable records – judicial decisions – and the FBI was "bound to read [the request] as drafted[.]" *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). And, when doing so, the FBI "has a duty to construe a FOIA request liberally." *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

16.  But even if the FBI's characterization were accurate and it were concerned that conducting searches would be burdensome, that concern would be allayed by the fact that PPSA offered to pay fees for the search. *See Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995) ("It would have been a simple matter to begin with the most current of the 803 files and work backward in time to secure the specific information requested. When the funds supplied were exhausted, the Division could have stopped searching, furnished the material found and put forth an estimate of the cost of completion of the search.").

17.  Nor did the FBI explain or attempt to explain how PPSA could or should describe a more feasible search. As the Third Circuit explained, courts should be "especially reluctant to let

disposition of [the request] rest on the artlessness of [the] request, when the record shows little effort, if any, by the agency to assist the plaintiff in formulating [the] request[.]" *Ferri v. Bell*, 645 F.2d 1213, 1220 (3d Cir. 1981).

18. Here, even assuming the request was "artless"—which it wasn't—the FBI failed to engage with PPSA about how a search could be conducted to locate responsive records.

19. At each turn, the FBI's response failed to satisfy its statutory obligations under FOIA.

20. To remedy the FBI's errors, PPSA timely appealed these responses on November 16, 2022. *See* Ex. 1.

21. In its administrative appeal, PPSA noted that the FBI has multiple searchable record systems outside of CRS. *See id.* at 3–5 (discussing *Shapiro v. Dep't of Justice*, 34 F. Supp. 3d 89, 98–99 (D.D.C. 2014) (full-text search ordered by court)).

22. Moreover, PPSA demonstrated that the FBI has previously searched record systems outside of CRS, unprompted, in response to similar FOIA requests. *See id.* at 3 n.5 (discussing *Hart v. F.B.I.*, 91 F.3d 146 (7th Cir. 1996) (searching ELSUR without being asked); *Canning v. U.S. Dep't of Justice*, 848 F. Supp. 1037, 1050 (D.D.C. 1994) (same)).

23. Yet, as PPSA showed, nothing in its request indicated or implied that the FBI should limit its searches to CRS. Rather, it was clear that, if responsive records exist, at least some of them likely exist outside of CRS.

24. By letter dated January 9, 2023 (attached as Exhibit 2), DOJ affirmed the FBI's denial, but acknowledged that responsive records likely exist. As DOJ explained, the only way the FBI could have located responsive records would have been to "individually review[] thousands of files to find FISC opinions, decisions, or orders." *Id.* According to DOJ, that would be

"unreasonably burdensome." *Id.* In reaching this decision, DOJ failed to engage the FBI's arbitrary decision to limit itself to CRS, PPSA's offer to pay fees, and the FBI's failure to engage with PPSA about reasonable ways to craft searches. *See id.*

25. Accordingly, PPSA has exhausted its administrative remedies with respect to subparts 1 and 2 of the request. Because the request reasonably described the records sought, which DOJ acknowledged likely exist, the Court should order DOJ to promptly search for and produce all such records.

**II. Defendant Largely Refuses to Search for Records Responsive to Subparts 3 and 4 of the Request.**

26. The FBI responded to Subparts 3 and 4 of the Request in a letter dated August 30, 2022 (attached as Exhibit 3 at 10–14).

27. Through this response, the FBI also effectively refused to conduct any search for responsive records.

28. This time, however, to give the appearance of a search, the FBI stated it was "releasing documents from previous requests regarding your subject" "[i]n an effort to provide you with responsive records as expeditiously as possible."

29. The "*documents* from previous requests" consisted of a *single* document titled "Foreign Intelligence Surveillance Act and Standard Minimization Procedures Policy Guide." *See* Ex. 3 at 18–96. In releasing this single, heavily redacted document, the FBI did not explain the context in which it was previously released. Rather, the FBI attempted to place the burden back on PPSA, stating that, "[i]f this release … does not satisfy your request, you may request an additional search for records" by submitting another "request by mail" to the FBI. *Id.* at 10.

30. This response failed to satisfy the FBI's statutory obligations under FOIA. Nothing in FOIA permits the FBI to arbitrarily stop its search after identifying one potentially responsive

record. Rather, the request clearly sought multiple records, to be produced "on a rolling basis." *See* Ex. 1 at 9. And, even if there were ambiguity on this, the FBI must "construe a FOIA request liberally." *Nation Mag.*, 71 F.3d at 890. Despite this, the FBI stated that it considered the "expeditious[]" release of this single document to "fulfill[]" the Request. *See* Ex. 3 at 10. In doing so, the FBI admits it stopped searching for responsive records after locating this single document.

31.     This search was inadequate, because FOIA requires agencies to conduct a search "reasonably calculated to uncover *all* relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (emphasis added). The word "all" cannot be ignored. Indeed, as the D.C. Circuit explains, "the adequacy of a search is determined not by the fruits of the search, but by the appropriateness of methods." *Hodge v. F.B.I.*, 703 F.3d 575, 579 (D.C. Cir. 2013) (cleaned up).

32.     But even the single record the FBI released failed to satisfy the FBI's obligations under FOIA, as the FBI cannot justify its extensive withholdings. For instance, the FBI withheld forty pages virtually in full without any explanation beyond "b7E." *See* Ex. 3 at 16–17. Moreover, the FBI's extensive withholdings from the single released record (*id.* at 18–96) are inexplicable.

33.     However, FOIA requires the FBI to release all reasonably segregable, responsive, non-exempt material or "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).

34.     The FBI's withholdings fail each of these requirements.

35.     PPSA administratively appealed this decision on November 28, 2022 (attached as Ex. 3). As of March 25, 2023, the FBI has not issued a response to this appeal.

36. Thus, under 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(6)(C), which require the DOJ to respond to an appeal within twenty business days, PPSA is deemed to have has exhausted the applicable administrative remedies as to subparts 3 and 4 of the request.

37. Because the request reasonably described the records sought, the Court should order DOJ to promptly search for and produce all such records.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Subparts 1 and 2**

38. PPSA hereby incorporates by reference all preceding paragraphs of this Complaint.

39. DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f). The FBI is a component of DOJ.

40. By a letter dated June 28, 2022, Plaintiff submitted a FOIA Request to DOJ through the FBI.

41. To date, DOJ has refused to conduct a search reasonably likely to locate responsive records.

42. Plaintiff has exhausted its administrative remedies. After the FBI denied subparts 1 and 2 of the request, PPSA submitted an administrative appeal, and DOJ affirmed the FBI's denial.

43. The request reasonably described the requested records, and conducting a search for those records would not be unduly burdensome.

44. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

45. Defendant's failure to conduct a search for responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA, 28 C.F.R. § 16.1, *et seq*.

46. Accordingly, PPSA is entitled to receive all responsive non-exempt records from Defendant forthwith.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Subparts 3 and 4

47. PPSA hereby incorporates by reference all preceding paragraphs of this Complaint.

48. DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f). The FBI is a component of DOJ.

49. By a letter dated June 28, 2022, Plaintiff submitted a FOIA Request to DOJ through the FBI.

50. To date, DOJ has refused to conduct a search reasonably likely to locate responsive records.

51. Rather, the FBI unlawfully discontinued its search after identifying a single record. This partial search fails to comply with the FBI's obligation under FOIA to conduct a search "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325.

52. Additionally, the FBI failed to comply with its obligations under FOIA to release all reasonably segregable, responsive, non-exempt portions of the single record it released.

53. PPSA has constructively exhausted its administrative remedies, having submitted an administrative appeal of the FBI's denial of subparts 3 and 4 of the request that has been pending for more than 20 business days.

54. The request reasonably described the requested records, and conducting a search for those records would not be unduly burdensome.

55. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

56. Defendant's failure to conduct a search for responsive, non-exempt records, and its failure to release non-exempt portions of records, violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well

as the regulations implementing FOIA, 28 C.F.R. § 16.1, *et seq*.

57.     Accordingly, PPSA is entitled to receive all responsive non-exempt records from Defendant forthwith.

## PRAYER FOR RELIEF

PPSA respectfully requests that the Court:

A.      Order Defendant to conduct searches immediately for any and all records responsive to PPSA's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to PPSA's FOIA request;

B.      Order Defendant to produce, by dates certain, any and all reasonably segregable, non-exempt records responsive to PPSA's FOIA request, and *Vaughn* indices of any responsive records withheld in whole or in part under claim of exemption;

C.      Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to PPSA's FOIA request;

D.      Award PPSA attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant PPSA such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Gene C. Schaerr*
Gene C. Schaerr (D.C. Bar No. 416368)
  *Counsel of Record*
Brian J. Field (D.C. Bar No. 985577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Plaintiff*